IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SKYLINE TRUCKING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRUCK CENTER COMPANIES, et al., <br><br> Defendants. | Case No. 22-4052-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Truck Center Companies and Daimler Truck North America LLC's Joint Motion to Dismiss for Failure to Prosecute (Doc. 65). Defendants ask the court to dismiss plaintiff's claims with prejudice because plaintiff has failed to prosecute the case and, separately, plaintiff has failed to comply with the court's instructions to have counsel enter an appearance on its behalf. Plaintiff hasn't responded to the motion, and the time to do so has passed. The court thus grants defendants' motion and explains why below.

### I. Background

The following facts come from plaintiff's initial Petition filed in the District Court of Saline County, Kansas (Doc. 1-1) (attached to the Notice of Removal).

In June 2020, plaintiff began experiencing problems with its truck as it passed through Kansas while fulfilling a shipping contract. Doc. 1-1 at 3–4 (Pet. ¶¶ 9–10). Plaintiff took its truck to defendant Truck Center Company's shop for repair. *Id.* at 4 (Pet. ¶ 11). A few days later, Truck Center informed plaintiff that it had completed the repairs, and plaintiff paid for Truck Center's services. *Id.* (Pet. ¶¶ 12–13). Plaintiff then resumed the truck's route but

continued to experience problems. *Id.* (Pet. ¶¶ 13–14). Plaintiff reported these problems to Truck Center, who told plaintiff that the problem would resolve itself and assured plaintiff that it had repaired the truck. *Id.* (Pet. ¶¶ 15–16).

Truck Center returned the truck to plaintiff and, the next day, the truck's engine seized while driving through Colorado, leaving the truck inoperable. *Id.* (Pet. ¶ 19). Plaintiff had the truck towed to Transwest—an auto-shop—and arranged for another driver in a different truck to complete the delivery contract the truck was performing when it stopped running. *Id.* at 5 (Pet. ¶¶ 22–23). Plaintiff advised Transwest about the truck's recent repair by Truck Center. *Id.* (Pet. ¶ 25). Then, plaintiff didn't hear from Transwest for several days. *Id.* (Pet. ¶ 26). During that time, plaintiff learned that Transwest had removed the engine head of the truck without notifying or securing permission from plaintiff. *Id.* (Pet. ¶ 27). Plaintiff then complained to Transwest's corporate office, defendant Daimler Truck North America, LLC ("DTNA"). *Id.* (Pet. ¶ 28). Unable to resolve the truck's problems to plaintiff's satisfaction, plaintiff then filed this action in state court.

## II.     Procedural History

In June 2022, plaintiff sued Truck Center and DTNA in the District Court of Saline County, Kansas for negligence (Count I), breach of contract (Count II), breach of the duty of good faith and fair dealing (Count III), negligent misrepresentation (Count V), and civil conspiracy (Count VI).[1] Doc. 1-1 at 6–10 (Pet. ¶¶ 33–47, 58–67). Plaintiff also alleged fraud (Count IV) against Truck Center alone. *Id.* at 8–9 (Pet. ¶¶ 48–57). Truck Center removed the case to this court. *See* Doc. 1.

---

[1]     Plaintiff originally sued Transwest Truck Trailer RV for Counts I–III and V. Doc. 1-1. The court since has dismissed Transwest for lack of personal jurisdiction. *See* Doc. 43 at 25.

In November 2022, DTNA filed a Motion to Dismiss (Doc. 33), and plaintiff timely responded. Doc. 39. The court partially granted and partially denied DTNA's motion, dismissing Counts I–III because plaintiff had abandoned them. Doc. 43 at 25. And the court dismissed Count V for failure to state a claim. *Id.* But it denied DTNA's Motion to Dismiss the civil conspiracy claim (Count VI). *Id.*

The case proceeded and, in September 2023, the court held a scheduling conference. Doc. 54. At that conference, plaintiff's local counsel, Mr. Mitchell Rice, advised the court that he intended to file a motion to withdraw. Doc. 55 at 6. Mr. Rice explained that plaintiff's lead counsel was located in the Virgin Islands, but had not entered an appearance in the case. *Id.* He made an oral motion requesting an extension for plaintiff to retain new counsel and enter an appearance. *Id.* The court denied the oral motion and instructed Mr. Rice to inform plaintiff and its counsel that they should move quickly to retain substitute counsel. *Id.* Following the scheduling conference, the court issued a Scheduling Order, establishing deadlines for discovery, motions, and other pre-trial events. *Id.* at 3.

In November 2023, Mr. Rice filed a Motion to Withdraw as Counsel of Record (Doc. 61). His motion listed "Semaj I. Johnson, Esq." of "The Johnson Law Firm" as plaintiff's General Counsel. Doc. 61 at 1. The court granted Mr. Rice's motion. Doc. 63 at 2. In so doing, the court memorialized that Mr. Rice had admonished plaintiff's General Counsel that plaintiff "will be responsible for complying with all orders of the Court and time limitations established by the rules of procedure or by Court Order." *Id.* But neither Mr. Johnson nor any other attorney ever filed an appearance as plaintiff's counsel.

Instead, in December 2023, an unidentified individual from the Johnson Law Firm responded to an email from DTNA'S counsel, assuring DTNA that plaintiff would respond to its

3

discovery request. *See* Doc. 65-2 at 4 (Def. Ex. B). Shortly thereafter, another unidentified individual from the Johnson Law Firm sent an email to Truck Center notifying it that plaintiff also would respond to Truck Center's discovery requests. *Id.* at 2 (Def. Ex. B). In early January, plaintiff responded to defendants' discovery requests. *See* Doc. 65-3 (Def. Ex. C); Doc. 65-4 (Def. Ex. D); Doc. 65-5 (Def. Ex. E); Doc. 65-6 (Def. Ex. F); Doc. 65-7 (Def. Ex. G). But plaintiff's responses lacked an attorney's signature. Instead, Frank D'Andrade, a Skyline Trucking representative, signed each response.

On January 8, 2024, defendants filed the current Joint Motion to Dismiss for Failure to Prosecute. Doc. 65. Defendants supplemented their motion in early February, highlighting that plaintiff missed the Scheduling Order deadline to disclose expert witnesses, and that plaintiff still hadn't heeded the court's instruction to retain counsel and have its new counsel enter an appearance. Doc. 67. The court now considers the Joint Motion to Dismiss (Doc. 65), starting with the governing legal standards.

### III.   Legal Standard

Defendants seek to dismiss all claims with prejudice because plaintiff has failed to prosecute this case under Fed. R. Civ. P. 41(b). Rule 41(b) "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)).

If the court grants defendants' Motion to Dismiss, the question remains whether it should dismiss the Complaint with prejudice. A court may dismiss a case with prejudice if it concludes, after considering the relevant factors, such a dismissal would satisfy the interests of justice. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Courts use as "relevant factors"—commonly called the *Ehrenhaus* factors—the same factors used to evaluate motions to dismiss

4

with prejudice, whether under Rule 16(f), 37(b)(2)(A), or 41(b). *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). The *Ehrenhaus* factors consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal was a likely sanction; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

### IV.     Analysis

Defendants ask the court to dismiss the Complaint with prejudice because plaintiff has failed to prosecute the case and comply with the court's orders to retain counsel. The court first analyzes defendants' substantive argument on the Motion to Dismiss and, finding it meritorious, then evaluates whether it should dismiss the Complaint with prejudice.

#### A.     Plaintiff has failed to prosecute the case and follow the court's orders.

Defendants ask the court to dismiss plaintiff's Complaint under Fed. R. Civ. P. 41(b) because plaintiff has failed to prosecute its claims and comply with the court's orders to secure counsel. Doc. 65 at 1. In support, defendants note that plaintiff hasn't responded to the current motion. Doc. 67 at 3. And, when plaintiff has managed to participate in litigation, it hasn't been meaningful participation. Defendants assert plaintiff's interrogatory responses are substantively deficient and leave many questions unanswered. Doc. 65 at 4. Some responses include highlighting which, according to defendants, "suggest[s] the responses remain in draft format." *Id.* Plaintiff also provided both DTNA and Truck Center "the same fifty-nine pages of documents, even though the parties served different discovery[.]" *Id.* In their supplemental memorandum, defendants note that plaintiff failed to meet the Scheduling Order deadline to file expert disclosures. Doc. 67 at 1. Plaintiff's failure to meet this deadline is particularly

5

egregious, defendants contend, because plaintiff "must have expert testimony to support its claims"—specifically, causation and damages. *Id.* at 1–2.

Defendants also assert that the court should dismiss the Complaint because plaintiff has failed to follow the court's orders to retain counsel. Doc. 65 at 3. In September 2023, United States Magistrate Judge Teresa James admonished plaintiff to "move quickly to retain substitute counsel." Doc. 55 at 6. When the court granted Mr. Rice's Motion to Withdraw, it again cautioned plaintiff:

> [B]usiness entities . . . cannot appear in federal court pro se and must be represented by an attorney licensed to appear before this court. If Plaintiff fails to secure counsel to appear and represent it in this litigation, this action may be dismissed for failure to prosecute or other orders entered against Plaintiff.

Doc. 63 at 2. While "Legal Staff Johnson Law" responded to defendants' discovery conference emails, an attorney from the Johnson Law Firm has yet to file an appearance with the court. And Mr. D'Andrade has signed plaintiff's discovery responses, but he doesn't purport to be an attorney. According to Fed. R. Civ. P. 26(g)(1), a party personally may sign discovery responses if the party is unrepresented. So, as of the filing date of this Order, plaintiff has failed to secure counsel to appear and represent it in litigation.

Plaintiff's failure to meet Scheduling Order deadlines or participate meaningfully in the discovery process aligns with Rule 41(b) failure to prosecute. And the court no longer can ignore the ongoing absence of counsel for plaintiff, thus contradicting court orders requiring plaintiff to retain counsel. The court has informed plaintiff that it expects plaintiff to retain substitute counsel expeditiously. And the court has warned plaintiff that it may dismiss the Complaint for continued failure to secure counsel. No counsel ever has appeared. The court thus grants defendants' Motion to Dismiss (Doc. 65) for failure to prosecute and failure to comply with court orders.

Defendants seek dismissal with prejudice. So, the court next evaluates whether plaintiff's action—or inaction—warrants dismissal with prejudice.

**B.     The court dismisses the Complaint with prejudice.**

The court applies the five *Erenhaus* factors to determine whether the Complaint should be denied with prejudice.

The first factor considers the actual prejudice that the case has caused defendants. This prejudice can consist of mounting attorneys' fees or the reputational harm that flows from remaining as a defendant in an ongoing lawsuit. *Ehrenhaus*, 965 F.2d at 921. But actual prejudice is not as significant when the defendant's advocacy burdens are minimal or consist mostly of email or telephone communications. *Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921, 2017 WL 396239, at *7 (D. Kan. Jan. 30, 2017). Here, defendants have incurred some prejudice in the form of attorneys' fees and the reputational hit that a pending case brings. They've attended a scheduling conference by telephone and served discovery requests. While DTNA already has expended time and resources litigating a previous Motion to Dismiss (Doc. 33), Truck Center's prejudice is mitigated by the minimal advocacy required thus far. Truck Center only has engaged in "paper proceedings" (that is, filing a brief Answer, short motions, brief discovery requests, and initial disclosures), rather than in-person court appearances. And defendants have communicated with plaintiff and the court mostly by phone or email. This factor therefore favors dismissal with prejudice, but not overwhelmingly so.

The second *Ehrenhaus* factor considers the degree of interference with the judicial process. Willful failure to comply with the court's orders interferes with the judicial process. *Ehrenhaus*, 965 F.2d at 921 ("When he wil[l]fully failed to comply with a direct court order, [plaintiff] flouted the court's authority."); *see also Marshall v. Estep*, 396 F. App'x 564, 567 (10th Cir. 2010) (applying *Ehrenhaus* factors and affirming dismissal based on plaintiff's failure

7

to follow court's order). When plaintiff "repeatedly ignore[s] court orders" it "hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993). Here, plaintiff failed to meet the Scheduling Order deadline to disclose expert witnesses. Defendants cannot adequately defend the case or meet the Scheduling Order deadlines without plaintiff's complete responses or disclosures. And plaintiff's failure to disclose expert witnesses in a case likely to require expert testimony indicates plaintiff's indifferent approach to litigating the dispute. Finally, plaintiff's failure to have counsel appear inhibits defendants' attempt to restart a stalled discovery process and "flout[s] the court's authority." *Ehrenhaus*, 965 F.2d at 921. This factor thus favors dismissal with prejudice.

The third *Ehrenhaus* factor assesses the litigant's culpability in noncompliance. An unrepresented plaintiff "bears the responsibility and cannot blame any delay on an attorney." *Williams v. UnitedHealth Grp.*, No. 2:18-CV-02096, 2020 WL 1329455, at *3 (D. Kan. Mar. 23, 2020). While Mr. Rice previously represented plaintiff, plaintiff alone bears the culpability for its failure to secure new counsel. When Magistrate Judge James granted Mr. Rice's Motion to Withdraw, she warned plaintiff that it cannot proceed pro se. Doc. 63 at 2. And Mr. Rice explained that he informed plaintiff's "General Counsel and Shari D'Andrade of Skyline Trucking Inc." that plaintiff "will be responsible for complying with all orders of the Court" after Mr. Rice withdrew. *Id.* at 1. So, plaintiff knew that it needed to heed the court's Order and retain counsel. Yet, Mr. D'Andrade signed plaintiff's discovery responses and an unnamed individual from the Johnson Law Firm responded to defendants' emails. Neither Mr. D'Andrade nor a Johnson Law Firm representative has filed a notice of appearance for plaintiff. The court

thus views plaintiff's failure to retain counsel as willful noncompliance for which plaintiff is culpable. This factor, like the others, favors dismissal with prejudice.

The fourth *Ehrenhaus* factor considers whether plaintiff has received notice of possible dismissal. A warning that further failure to comply with court orders could result in dismissal is enough. *Gripe*, 312 F.3d at 1188. Here, Magistrate Judge James unequivocally warned plaintiff that "business entities . . . cannot appear in federal court pro se" and that "this action may be dismissed for failure to prosecute" if plaintiff "fails to secure counsel to appear and represent it in this litigation[.]" Doc. 63 at 2. Judge James provided this warning some seven months ago. This factor therefore also weighs in favor of dismissal with prejudice.

The fifth *Ehrenhaus* factor considers the efficacy of a lesser sanction. The court finds that no lesser sanction would prove effective. Plaintiff has refused to move its case forward by failing to retain counsel, participate in discovery and expert disclosure, and respond to this motion. The court, Mr. Rice, and defendants' Motion to Dismiss all have alerted plaintiff that it must retain counsel or risk dismissal. The Johnson Law Firm purports to represent plaintiff. Yet, no attorney from plaintiff's alleged General Counsel has filed a notice of appearance with this court. Simply put, plaintiff has ignored the court's admonition to retain counsel. And it shows no signs of changing this behavior. This final factor likewise favors dismissal with prejudice.

Taken together, all five of the *Ehrenhaus* factors counsel the court to dismiss plaintiff's case with prejudice. Defendants have incurred actual prejudice in the form of needless costs and time spent trying to defend the case on its merits. Plaintiff's noncompliance has interfered with the judicial process, and it bears culpability for that noncompliance. The court has warned plaintiff, in clear terms, that it could face dismissal for further noncompliance, and lesser

sanctions likely would have little effect. Together, these facts warrant dismissal of plaintiff's claims against defendants with prejudice under Fed. R. Civ. P. 41(b).

## V.     Conclusion

The court grants defendants' Joint Motion to Dismiss for Failure to Prosecute (Doc. 65). Because all five *Ehrenhaus* factors favor dismissal with prejudice, the court dismisses plaintiff's lawsuit with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). The court orders the Clerk of the Court to close the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Joint Motion to Dismiss for Failure to Prosecute (Doc. 65) is granted.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2024, at Kansas City, Kansas.**

>                             **s/ Daniel D. Crabtree**
>                             **Daniel D. Crabtree**
>                             **United States District Judge**